UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Tina A. Gile,** | **Civil No. 10-CV-461 (SRN/JJK)** |
| **Plaintiff,** | **MEMORANDUM AND ORDER** |
| v. | |
| **Michael J. Astrue,** | |
| **Commissioner of Social Security,** | |
| **Defendant**. | |

Gerald S. Weinrich, Weinrich Law Office, 400 South Broadway Suite 203, Rochester, Minnesota 55904, for Plaintiff

Lonnie F. Bryan, United States Attorney's Office, 300 South 4th Street Suite 600, Minneapolis, Minnesota 55415, for Defendant

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated January 7, 2011, which addressed the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Keyes recommended that the Court deny Plaintiff's Motion, grant Defendant's Motion, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R, grants Defendant's Motion, and denies Plaintiff's Motion.

1

**I.     BACKGROUND**

The Court finds that the R&R's recitation of this case's factual history is thorough and accurate and thus will not recount those details here.  In short, Plaintiff Tina Gile was involved in an automobile accident on July 3, 1984, which reportedly left her unconscious for approximately 10 minutes and from which she suffered numerous fractured ribs, an injury to her left side, and a bruised heart.  (Admin. R. at 29, 178-79.)  Because of her reduced physical capacity, Plaintiff filed an application for disability insurance benefits with the Social Security Administration on June 25, 2007.  The application was denied, after which Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  The ALJ rendered a decision that was unfavorable to Plaintiff, and Plaintiff filed a request for review to the Social Security Administration Appeals Council.  That appeal was denied, and Plaintiff filed the instant action with this Court against the Commissioner of Social Security ("Commissioner") seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff raises two objections to the R&R.  First, she contends that the Magistrate Judge did not give proper weight to the testimony of the testifying medical expert.  (Pl.'s Objection at 1.)  Second, Plaintiff argues that the Magistrate Judge inaccurately applied the legal standard that the ALJ used when evaluating Plaintiff's testimony regarding her symptoms and functional limitations.  (Id. at 3.)

**II.    DISCUSSION**

A court's review of a Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are
> supported by substantial evidence on the record as a whole.  Substantial evidence

> is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

The ALJ's decision followed the prescribed five-step, sequential analytical framework, located at 20 C.F.R. § 404.1520(a)(4): (1) present substantial gainful activity; (2) severe impairment—"one that significantly limits the claimant's physical or mental ability to perform basic work activities;" (3) whether the impairment "meets or equals a presumptively disabling impairment listed in [20 C.F.R. Part 404, Appendix 1, Subpart P];" (4) the claimant's residual functional capacity to perform past relevant work; and (5) if the claimant cannot perform past relevant work, whether the Commissioner can demonstrate "that there are other jobs in the national economy that the claimant can perform." Fines v. Apfel, 149 F.3d 893, 894-95 (8th Cir. 1998).

The ALJ found that Plaintiff had satisfied the first two prongs of the analysis; namely, that she had not engaged in substantial gainful activity from her alleged onset date of July 3, 1984, through her date last insured of December 31, 1986, and that she suffered from severe impairments in the form of mild left brachial plexopathy and musculoligamentous low back pain. (Admin. R. at 13.) But the ALJ then found that Plaintiff did not satisfy the third, fourth, and fifth prongs. Plaintiff's objections focus mainly on the third and fourth prongs; the Court will discuss each objection in turn.

### A.     Medical Expert Testimony

Plaintiff asserts that the ALJ erred by not giving substantial weight to the testimony of the independent medical expert, Dr. Paul Gannon.  Plaintiff argues that, as a result of Dr. Gannon's testimony being improperly weighted, the ALJ found that Plaintiff did not satisfy the requirements of the third prong of the analysis located at 20 C.F.R. § 404.1520(a)(4).

Dr. Gannon testified that Plaintiff suffered from a brachial plexus injury and, consequently, that her condition was commensurate with the requirements of the Listing of Impairment located at 20 C.F.R. part 404, subpart P, appendix 1, section 11.08.  (Admin. R. at 14.)  Plaintiff contends that this testimony was "amply supported in the record," (Pl.'s Objection at 2); therefore, if the ALJ was in some way concerned that Dr. Gannon's testimony did not comport with the record evidence, the ALJ was then obligated to question Dr. Gannon further about any perceived inconsistency.  (Id.)  The ALJ's failure to do so, Plaintiff argues, was in error.

The Court first addresses the question of whether Dr. Gannon's opinion that Plaintiff sustained injuries commensurate with the Listing of Impairment in section 11.08 was at odds with the opinions of Plaintiff's examining physicians.  Section 11.08 requires that Plaintiff suffer "[s]pinal cord or nerve root lesions, due to any cause with disorganization of motor function as described in 11.04B."  Section 11.04(B) states that Plaintiff must experience "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station."  Plaintiff bears the burden of proof to establish that her impairment "meet[s] all of the listing's specified criteria."  Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (citation omitted).

The ALJ's finding that Dr. Gannon's opinion was inconsistent with the opinions of Plaintiff's examining physicians is supported by substantial evidence in the record as a whole. Indeed, the record reflects that, between six to nine months after the car accident, Plaintiff maintained full range of motion in her shoulder and neck, clear x-rays with the exception of a healed rib fracture, and normal muscle tone, bulk, and strength in her upper extremities and left shoulder girdle area. (Admin. R. at 178-80.) Ultimately, Plaintiff's examining physician concluded that Plaintiff suffered from a "mild upper trunk left brachial plexopathy." (Id. at 180, 183.)

As the Magistrate Judge noted, the ALJ's examination of the record extended to examination notes taken after Plaintiff's last insured date of December 31, 1986. These subsequent examination notes confirm that Plaintiff's condition was "fairly unremarkable with no significant residual motor/sensory deficits," (id. at 184), and that she maintained normal range of motion in shoulders, elbows, wrists, and fingers, normal gait and station, and good strength in both of her legs and arms. (Id. at 185-86, 189.)

Plaintiff argues that Dr. Gannon's opinion is supported by both physician observations and EMG studies. (Pl.'s Objection at 2 (citing Admin. R. at 178, 180).) But even if Dr. Gannon's opinion is in some way supported by the record, this Court could not overturn the ALJ's decision based on "[t]he mere fact that some evidence may support a conclusion opposite to that reached by the Commissioner." Johnson, 390 F.3d at 1070. Further, Dr. Gannon's opinion appears to be rooted in Plaintiff's subjective complaints recorded in the examination notes rather than in the objective observations memorialized by examining physicians. Indeed, as noted above, examining physicians' remarks and opinions militate towards an opposite

conclusion. The fact that these remarks include multiple descriptions of "mild" brachial plexopathy, and "normal" gait and station, strength, and range of motion, provide substantial support in the record as a whole for the ALJ's decision.

The ALJ also did not err in refusing to clarify issues raised by Dr. Gannon's testimony. As the Magistrate Judge noted, Dr. Gannon is not Plaintiff's "treating source," and thus his opinion is not entitled to controlling weight. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Moreover, Dr. Gannon is not even an "examining physician," and thus the ALJ was within his right to accord less weight to Dr. Gannon's opinion than to those made by physicians who had actually examined Plaintiff. See id. §§ 404.1527(d)(1), 416.927(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to an opinion of a source who has not examined you.").

An ALJ need not "seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped," Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004); a fortiori, an ALJ need not seek clarification from a non-treating physician. As demonstrated above, Plaintiff's examining and treating physicians recorded numerous statements that supported a conclusion that Plaintiff's injuries did not meet the threshold requirements in Listing section 11.08. No crucial issue was left undeveloped, and thus the ALJ was not required to "seek additional clarifying statements" from any physician, let alone a non-examining physician. Plaintiff's claim thus fails.

### B. Plaintiff's Subjective Testimony

Plaintiff next asserts that the ALJ failed to accord proper weight to her testimony regarding her symptoms and the degree of her functional limitations. When analyzing a

claimant's subjective testimony, an ALJ must consider "(1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Further, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id.  Yet "[w]hen rejecting a claimant's complaints of pain, . . . the ALJ must make an express credibility determination detailing his reasons for discrediting the testimony." Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991) (citing Ricketts v. Sec'y of Health & Human Servs., 902 F.2d 661, 664 (8th Cir. 1990)).

The ALJ expressly considered Plaintiff's daily activities as reported both in her disability application and hearing testimony.  (See Admin. R. at 16.)  For example, Plaintiff reported that she groomed and bathed herself, did dishes, cleaned the house, took care of her pets, watched television, went for walks, cooked, did laundry, went shopping, and painted pictures and did crafts. (Id. (citing Id. at 147-54).)  The ALJ found that these activities "were inconsistent with total disability." (Id.)  Plaintiff's argument that the ALJ mischaracterized a number of her subjective complaints is unavailing in light of the overwhelming objective medical evidence that supports a finding of lack of total disability.  Plaintiff's assertions are inconsistent with that objective evidence, and thus the ALJ properly accorded her testimony less weight.

Additionally, the ALJ noted that Plaintiff reported no side effects from medication and "received only limited conservative treatment . . . ." (Id. at 16-17.)  Moreover, the ALJ "further reduce[d] the claimant's residual functional capacity to accommodate the limitations suggested by her subjective complaints." (Id. at 16.)  Such considerations evidence the ALJ's reliance on

the record as a whole, including Plaintiff's subjective complaints. Indeed, the ALJ expressly analyzed Plaintiff's subjective complaints in light of the objective medical evidence on the record, ultimately finding Plaintiff's complaints "to be less than credible." (Id. at 16-17.)

Finally, the ALJ also considered Plaintiff's work history in determining how much weight to accord her testimony. See 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all your symptoms, including . . . efforts to work . . . ."). The ALJ noted that "[t]he claimant's earnings record documents reported earnings that are mainly consistent with limited part-time employment. This may indicate a lack of interest or need for full-time employment on the part of the claimant, and suggests that her under-employment may be unrelated to her impairments." (Admin. R. at 16.) The ALJ properly considered this history and, as the Eighth Circuit has stated, "[c]ourts have found it relevant to credibility when a claimant leaves work for reasons other than her medical condition." Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005). Given this finding, which is based on substantial evidence in the record as a whole, the Court holds that the ALJ properly accorded less weight to Plaintiff's subjective testimony.

### III.   CONCLUSION

The ALJ's decision is supported by substantial evidence in the record as a whole and thus may not be disturbed by this Court.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Magistrate Judge Keyes's R&R (Doc. No. 25) is **ADOPTED**;

2.   Defendant's Motion for Summary Judgment (Doc. No. 19) is **GRANTED**; and

3.   Plaintiff's Motion for Summary Judgment (Doc. No. 8) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:    March 29, 2011

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge